[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SUPPLEMENTAL JUDGMENT
On December 19, 2000, the marriage of the parties was dissolved by the court. (Novack, J.). The plaintiff and the defendant were awarded joint legal custody of their two minor children, with the children residing primarily with the plaintiff. The court reserved jurisdiction to issue further orders, after a hearing, as to a parenting plan in the event the parties could not reach an agreement thereon.
Attempts to establish a plan were unsuccessful, and a hearing was held on April 25, 2001. The parties appeared with counsel, and the children were represented by their attorney.
After reviewing the evidence and considering the arguments of counsel, the court has made decisions which it believes are in the best interests of the children under the current circumstances. The court expects the parties to accept the plan as hereinafter set forth and to cooperate to make it work. They may by written agreement make adjustments and modifications that accomplish the intentions of the orders, that is that the children have a meaningful relationship with each parent, free of any stress.
Hereinafter, the plaintiff shall be referred to as the Mother and the defendant as the Father.
The Father shall have parenting time with the children, in accordance with the following schedule.
a. The Father shall enjoy regular parenting time during the first and third weekends of each month. The parenting time shall commence on Friday one hour after school ends or 3 p.m. if there is no school and shall end at 8 p.m. on Sunday.
i. The first months of each year that have five weekends, (March and June in 2001), the Father shall have parenting time in Connecticut on the fifth weekend from Saturday at 9 a.m. until Sunday at 7 p.m. If the Father elects not to exercise this right, he shall give the Mother written notice by the 15th day of the month.
ii. The weekend rotation set forth in Paragraph a. above shall not apply during the months of July and August. CT Page 5268
iii. In the event there is no school on the Friday before the Father's weekends, and if the Father's schedule permits, the Father's parenting time shall commence on Thursday at the times indicated above in Paragraph a. The Father shall provide the Mother notice of his desire to exercise this option at least 48 hours in advance.
iv. In the event that there is no school on the Monday after the Father's weekends, and if the Father's schedule permits, the Father's parenting time shall end at 8 p.m. on Monday. The Father shall provide the Mother with notice of his desire to exercise this option at least 48 hours prior to the start of his weekend.
b. If a parent anticipates being absent from the children for more than 36 hours during any given weekend when that parent would otherwise be "responsible" for the children, he ir she shall offer the other parent, in writing or by e-mail, the opportunity to care for the children before engaging other child care. If sufficient time permits, the parent receiving the offer of first refusal shall accept said offer within 48 hours by e-mailing the other parent. After 48 hours, the responsible parent shall have the right to make other child care arrangements.
c. The parents shall alternate each year the "spring school vacation" with the Father having parenting time with the children during the spring vacation in 2002. For purposes of this parenting schedule, the "spring school vacation" shall be defined as commencing at 6:00 p.m. on the last school day before the vacation begins until 8:00 p.m. on the last day before school resumes. However, neither parent's extended spring parenting time shall continue for more than nine consecutive days (i.e. Friday evening, through the following week, to Sunday evening).
d. During the summer, the Father shall have uninterrupted vacation with the minor children during the first two weeks of July and August. The Mother shall have the remainder of the months of July and August for an uninterrupted vacation period with the children.
e. The parents shall alternate Thanksgiving parenting time each year. The children shall be with their Father on Thanksgiving during odd numbered calendar years and with the Mother on even numbered calendar years. "Thanksgiving parenting time" shall start on the Wednesday before Thanksgiving (at a time consistent with paragraph 1a) and continue until 8:00 p.m. the Sunday evening after Thanksgiving. This paragraph shall supersede all other paragraphs.
f. The parties shall alternate parenting time on "Easter Weekend". The children shall spend Easter Weekend with the Mother on odd numbered CT Page 5269 calendar years and with the Father on even numbered calendar years. "Easter Weekend" shall be defined as commencing on Thursday at the times indicated in paragraph 1a (to include Good Friday) and continue until 8:00 p.m. On Easter Sunday. This paragraph shall supersede all other paragraphs.
g. Christmas parenting time shall be shared as follows: During odd years, the Father shall enjoy parenting time with the children commencing after school at the start of the children's school Christmas vacation (at the times indicated in paragraph 1a) until Christmas Day at 1:00 p.m., and the Mother shall enjoy Christmas parenting time with the children from, 1:00 p.m. on Christmas Day until New Year's Day at 8:00 p.m. Each year thereafter the parents shall alternate this schedule. This paragraph shall supersede all other paragraphs.
h. The children shall spend Mother's Day with the Mother, and Father's Day with the Father. Mother's Day and Father's Day access times shall commence at 3:00 p.m. on Saturday (or a comparable train), and shall continue through the balance of the weekend until 8:00 p.m. on Sunday.
i. The Father shall be responsible for all expenses incurred during his parenting time with the children, without credit or deviation from any child support order. The Mother shall send the children to the Father with sufficient clothes and other personal effects for the entire duration of the access time, including an appropriate overnight bag. The Father shall return the clothes and other personal effects at the end of the visitation.
j. Time is of the essence with respect to both pick up and drop off times, and consistent violations shall be the basis for a modification of this parenting plan.
2. The Father shall have the responsibility to furnish transportation for the children to and from all visitations. Except as hereinafter provided, all transportation shall be by automobile.
In the event that the Father does not personally pick up or deliver the children, any of the following designated drivers and/or escorts shall be acceptable to perform that task:
a. A member of the Father's immediate family;
b. An independent third party agreed to by the Father and Mother.
c. A nanny selected by the Father and introduced to the Mother before assuming her work. If the Mother objects to the selection made by the CT Page 5270 Father, she shall file with the court her objection in writing (with notice to the Father), stating therein the factual basis for her objection. The court will review the objection filed and rule promptly thereon as to the suitability of the selection made by the defendant.
The Father shall notify the Mother of the name of the party picking up the children at least twenty-four-hours prior to pickup if it is someone other than the Father.
On days of picking up and returning the children when there are no school conflicts, the Father may have the children transported with an appropriate escort selected from the group previously indicated, by Amtrak between Stamford and Providence, R.I. at reasonable times. Under no circumstances shall the children be left alone at the train station.
3. a. To the fullest extent possible, the parties shall exert every reasonable effort to promote free access and unhampered contact between the children and each of the parties, and to foster a feeling of affection between the children and the parties hereto. Each party shall exert his and her best efforts to refrain from doing anything to estrange the children from the other party or to injure the opinion of the children as to their mother or father, or to act in such a way as to hamper the free and natural development of the children's love and respect for the other party. Neither party shall disparage the other party to, or in the vicinity of the children. Any and all decisions affecting the health, education, and religion of the minor children shall be made with the participation, involvement and agreement of both parents. The party with whom the children are residing at the time will have the right to make all of the day-to-day decisions affecting the children, including their involvement in extracurricular activities. Each party shall be considerate of the other's parenting time and not schedule extracurricular activities during the other's parenting time.
b. In the event that either child is unable to attend any visitation due to illness, the Father shall be entitled to compensatory visitation of a like time within four weeks by mutual agreement of the parties.
4. Both of the parties shall be entitled to complete and full information from any physician attending the children for any reason and from any teacher or school giving instruction to the children. The children shall continue to be known by the Father's surname, and the terms "mother" and "father" will be used to refer only to the parties.
5. Each of the parties shall keep the other reasonably informed at all times of the children's whereabouts, including the phone number at which the child can be reached. If either party plans any trip or CT Page 5271 vacation with any child for longer than two (2) days' duration, that party shall notify the other of an itinerary of travel plans, including the duration of the trip and the address and phone number, airline flight numbers, if applicable, departure and arrival times and destination. If either party has knowledge of any serious illness or accident affecting the health or welfare of the children, the Mother or Father, as the case may be, shall promptly notify the other and permit reasonable visitation with the children during any time of their illness of injury.
6. a. Both parents shall have the right to attend school and public events in which the children participate or which are related to the children, such as games and practices, school programs, parent/teacher conferences, church event, recitals, etc. Each of the parents shall inform the other of any such event as soon as they are scheduled. The children shall be free to interact with both parents at these events.
b. In the event the children receive invitations to attend private activities from third parties during the Father's parenting time, the Mother shall immediately notify the Father of said invitation, and the Father shall make the decision as to whether the children attend the private third party activity. The Mother shall not inform the children of such an invitation, rather, it shall be the Father's responsibility to inform them of the same, as well as to advise them whether he consents to their attendance at such an affair.
7. Both parents shall reasonable daily telephone contact with the children when they are with the other parent between the hours of 4:00 p.m. and 5:00 p.m. daily. In the event that the children are not home to receive the parent's phone call during this time, such parent shall leave a telephone message and the other parent shall encourage the children to promptly return the same. Each parent shall be entitled to speak with the child one time per day, except in the event of emergency or other extraordinary circumstances when more frequent calls may be appropriate.
8. In the event that either party desires to relocate their residence, such party shall provide 90 days written notice by certified mail, return receipt requested, to the other of such relocation, including all contact information regarding such new residence, and to make every reasonable effort to adjust the foregoing schedule accordingly.
9. In accordance with the stipulation of the parties (as represented by the attorney for the children), it is ordered that the minor child, Sharon, shall continue to treat in therapy. The parties shall split equally the unreimbursed portion of the therapist's fees, not to exceed one visit per month. CT Page 5272
Judgment may enter accordingly.
NOVACK, JUDGE TRIAL REFEREE